IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS FLAISHANS,<br><br>        Plaintiff,<br><br>  v.<br><br>CORAM SPECIALTY INFUSION SERVICES, INC., and DOES 1 through 10, inclusive,<br><br>        Defendants.<br>_____/ | No. C 14-3249 MMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION TO STRIKE; CONTINUING CASE MANAGEMENT CONFERENCE** |

      Before the Court is the "Motion to Dismiss or, in the Alternative, Motion to Strike," filed July 25, 2014, by defendant Coram Specialty Infusion Services, Inc., by which motion defendant seeks dismissal of plaintiff's First, Third, and Fourth Causes of Action, pursuant to rule 12(b)6 of the Federal Rules of Civil Procedure and to strike from plaintiff's Sixth Cause of Action, pursuant to Rule 12(f), plaintiff's claim for penalties under the Private Attorneys General Act to the extent based on the First, Third, and Fourth Causes of Action. Plaintiff Thomas Flaishans has filed opposition, to which defendant has replied.  Having read and considered the papers filed in support of and in opposition to the motion, the Court finds the matter appropriate for decision on the parties' respective written submissions, VACATES the hearing scheduled for October 10, 2014, and rules as follows:

      1. Contrary to defendant's argument, plaintiff's First Cause of Action ("Failure to

1  Provide Legally Compliant Pay Statements in Violation of [California] Labor Code § 226")
2  sufficiently alleges a violation of Labor Code § 226.  Although plaintiff appears to concede
3  he received, prior to his termination, electronic wage statements containing his employee
4  identification number, he disputes the evidence defendant has proffered to show he had
5  access to such statements for the two payments he received after his termination, which
6  payments, in contrast to the earlier payments, were made by check rather than direct
7  deposit.  (See Pl.'s RJN Ex. 1 (Cal. Labor Comm'r Op.) at 2 (stating "an electronically
8  stored wage statement which is accessible by an employee" qualifies as written statement
9  under § 226));[1] Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir.1994) (holding "documents
10 whose contents are alleged in a complaint and whose authenticity no party questions, but
11 which are not physically attached to the pleading, may be considered in ruling on a Rule
12 12(b)(6) motion to dismiss").[2]
13       Accordingly, plaintiff's First Cause of Action is not subject to dismissal.
14       2. In his opposition, plaintiff states that his Third Cause of Action ("[California] Labor
15 Code § 1102.5(c)") was "meant to be based on Labor Code § 1102.5(b)" (see Opp'n at 4:8)
16 and seeks leave to amend to cure said "typographical error" (id. at 4:10).
17       Accordingly, plaintiff's Third Cause of Action will be dismissed with leave to amend.
18       3.  As defendant correctly points out, plaintiff's Fourth Cause of Action ("[California]
19 Labor Code § 1102.5(c)") is subject to dismissal.  Contrary to plaintiff's argument, plaintiff's
20 allegation that his employment was terminated in retaliation for his reporting a subordinate
21 employee's violation of a federal statute does not plead a "refusal" under Labor Code §
22 1102.5(c).  See Cal. Lab. Code § 1102.5(c) (prohibiting employer's retaliation against
23 employee "for refusing to participate in an [unlawful] activity"); see, e.g., Scheu v. Charter

---

25    [1] Plaintiff's unopposed Request for Judicial Notice of the above-referenced
26 document is hereby granted.

27    [2] The Court does not address herein the additional grounds for a finding of
   noncompliance raised in the first instance by plaintiff in his opposition, no such allegations
28 having been pleaded in the complaint.

2

Commc'ns, LLC, 2011 WL 3204672, *21 (C.D. Cal. July 27, 2011) (holding, for purposes of § 1102.5(c), "[r]aising concerns about [illegal] practices does not rise to the level of refusal"; granting summary judgment in favor of defendant where "[plaintiff] adduced no proof that he refused to perform an act that [employer] asked him to do").

Accordingly, plaintiff's Fourth Cause of Action will be dismissed with leave to amend.

4. As defendant correctly argues, plaintiff's Sixth Cause of Action ("Private Attorney[s] General Act of 2004 ["PAGA"], Violation of [California] Labor Code § 2698 et seq.") fails to the extent it is derivative of any earlier-pleaded claim that is subject to dismissal and, consequently, that plaintiff's request for PAGA penalties fails to the extent such claim is based on a violation of Labor Code § 1102.5(c).[3] See Price v. Starbucks Corp., 192 Cal. App. 4th 1136, 1147 (2011) (holding "[b]ecause the underlying causes of action fail, the derivative . . . PAGA claims also fail").[4] As discussed above, however, and contrary to defendant's argument, plaintiff's claim under Labor Code § 226 is not subject to dismissal; consequently, plaintiff's PAGA claim, to the extent based thereon, is not subject to dismissal.

Accordingly, plaintiff's Sixth Cause of Action, to the extent based on a violation of Labor Code § 1102.5(c), will be dismissed with leave to amend.

---

[3] The Court finds defendant's argument is not properly raised by a motion to strike, but, rather, by a motion to dismiss. See Whittlestone, Inc. v. Handi–Craft Co., 618 F.3d 970, 972–73 (9th Cir. 2010) (holding where defendant argues claim is "precluded as a matter of law," defendant must seek relief by way of motion to dismiss or for summary judgment, and not by way of motion to strike). Accordingly, the Court construes defendant's motion to strike as a motion to dismiss.

[4] Additionally, as defendant notes, plaintiff may not bring a claim for PAGA penalties solely on an individual basis. See Machado v. M.A.T. & Sons Landscape, Inc., 2009 WL 2230788, *2-*3 (E.D. Cal. July 23, 2009). Consequently, if plaintiff does amend his Third Cause of Action to allege a claim under Labor Code § 1102.5(b), plaintiff will likely need to plead facts to support a claim on behalf of other employees who have been subjected to retaliation for conduct protected under that section.

**CONCLUSION**

For the reasons stated, defendant's motion is hereby GRANTED in part and DENIED in part as follows:

1. Plaintiff's Third and Fourth Causes of Action are DISMISSED, with leave to amend as set forth above.

2. Plaintiff's Sixth Cause of Action, to the extent such claim is based on a violation of § 1102.5(c), is DISMISSED, with leave to amend as set forth above.

3. In all other respects, defendant's motion is DENIED.

4. Plaintiff's First Amended Complaint, if any, shall be filed no later than October 15, 2014.

In light of the above, the Case Management Conference is hereby CONTINUED from October 17, 2014 to January 9, 2015.  A Joint Case Management Statement shall be filed no later than January 2, 2015.

**IT IS SO ORDERED.**

Dated: September 23, 2014

MAXINE M. CHESNEY
United States District Judge